## Kalbfleisch v. Commonwealth.

(Decided January 16, 1931.)

ROSCOE CONKLING for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS C. VEST for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellant was convicted of the offense of unlawful possession of intoxicating liquor, fined $300, and sentenced to serve 60 days in jail.

The proof which consists of the testimony of two officers of the city of Louisville discloses that acting under a search warrant they searched the premises of the appellant and there found "75 quarts of home-brew and 24 gallons fermenting." Neither officer knew or would testify as to whether the home-brew contained in the 75 quart bottles or in the 24 fermenting gallons was intoxicating or not, and there was no evidence whatever introduced to show that the liquid found was an intoxicating liquor. It is true that a bottle of the stuff was produced on the trial, opened, and passed around among the jury, but it is not shown that any test was made of the contents to determine whether or not it was intoxicating. This being the state of the record, it follows that the appellant's motion for a peremptory instruction should have been sustained, as the Attorney General in his brief concedes. In the case of Vanmeter v. Commonwealth, 232 Ky. 404, 23 S. W. (2d) 594, where the accused was charged with the possession of "home-brew", we said:

"The discovery of the alleged unlawful beverage was procured through a search warrant issued by the county judge of Edmonson county and executed by W. W. Duvall, a constable of the county, assisted by Willis Vincent. The constable and his assistant testified that in executing the search war-

rant they found in defendant's residence 26 bottles of 'home-brew,' and that one of the bottles was opened, and the liquid therein effervesced, and some of it escaped through the mouth of the bottle. They neither tasted nor smelled of the liquid, nor did they testify to any fact from which it might be inferred that the contents of the home-brew, so discovered, contained any alcohol whatever. . . . .

"In a number of cases we have held that the words 'whisky,' 'brandy,' and other terms commonly used as descriptive of alcoholic beverages would necessarily imply that the beverage was intoxicating; in other words, that the court would take judicial knowledge of the fact that such named beverages were intoxicating and came within the inhibition of the statute with reference thereto. But no such consequences follow with reference to other beverages, by whatsoever name called, unless, perhaps, the designated name had become so universally applied to an intoxicating drink as to have a fixed and permanent application to it as an intoxicating beverage. It is a well-known fact that a number of beverages made in the home, as well as some purchased in the market, are nonintoxicating, although they possess effervescing qualities, an illustration of which is ginger ale, which is used and consumed by many people as a wholesome nonintoxicating drink."

The instant case cannot be distinguished from the Vanmeter case. The appeal is therefore granted, and the judgment reversed for proceedings consistent with this opinion.